STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2019 CA 1525

GEORGE PETER MARSE, III AND HILARY MARSE,
INDIVIDUALLY AND ON BEHALF OF THEIR MINOR
DAUGHTER, ANNABELLA MARSE

VERSUS

RED FROG EVENTS, LLC, FIRST SPECIALTY INSURANCE
CORPORATION,
JAMES RIVER INSURANCE COMPANY, PETERSON BUILDERS,
NORTH SOUTH RENOVATIONS, MARCUS M. EDWARDS,
DANIEL L. LAUBER, MEGAN E. GASEOR, MARY A. KREKE,
EMILY A. LITTLEJOHN, ABC INSURANCE COMPANY,
XYZ INSURANCE COMPANY, THE PARISH OF WEST FELICIANA,
DEPARTMENT OF PARKS AND RECREATION

Consolidated with

2019 CA 1526

VANESSA WEST

VERSUS

RED FROG EVENTS, LLC, ABC INSURANCE COMPANY,
PETERSON BUILDERS FRAMING CONTRACTORS, LLC,
DEF INSURANCE COMPANY, NORTH SOUTH RENOVATIONS, INC.,
GHI INSURANCE COMPANY, AND PARISH OF WEST FELICIANA

Consolidated with

2019 CA 1527

BRYAN SAMPSON

VERSUS

RED FROG EVENTS, LLC, ET AL.

Consolidated with

2019 CA 1528

OLUWAFEYISAYO AKINKUGBE

VERSUS

RED FROG EVENTS, LLC, ET AL.

Judgment Rendered:  **SEP 1 8 2020**


* * * * * * *


APPEALED FROM THE TWENTIETH JUDICIAL DISTRICT COURT,
IN AND FOR THE PARISH OF WEST FELICIANA
STATE OF LOUISIANA
DOCKET NUMBERS 23038, C/W 23047, C/W 23078, C/W 23079
DIVISION "A"

HONORABLE KATHRYN E. JONES, JUDGE


* * * * * * *

Leonard L. Levenson
Christian W. Helmke
Donna R. Barrios
New Orleans, Louisiana

Max J. Cohen
Melanie C. Lockett
Abigail F. Gerrity
New Orleans, Louisiana

Attorneys for Plaintiffs/Appellants
George Peter Marse, III and
Hilary Marse, Individually and on
Behalf of Their Minor Daughter,
Annabella Marse

Attorneys for Defendant/Appellee
West Feliciana Parish, Department
of Parks and Recreation

BEFORE: McDONALD, THERIOT, and CHUTZ, JJ.

2

McDonald, J.

In this case, a father and his minor daughter were injured while participating in an extreme obstacle course race held on land owned by the West Feliciana Parish Department of Parks and Recreation (the Department), and leased by Red Frog Events, LLC. The mother and father filed suit against numerous parties, including the Department. Their suit was consolidated with three similar suits. The Department filed an exception of no cause of action based upon La. R.S. 9:2795, the recreational use immunity statute. The trial court sustained the exception and dismissed the claims of all the plaintiffs in the consolidated cases against the Department.[1] This appeal followed.[2] After *de novo* review, we affirm.

## FACTS AND A PROCEDURAL HISTORY

On October 8, 2016, George Peter Marse, III, and his minor daughter, Annabella Marse, were paid participants in an obstacle course race called the Warrior Dash, hosted by Red Frog Events, LLC. While Mr. Marse and Annabella Marse were traversing an obstacle known as the Diesel Dome, the structure collapsed, and Annabella was injured.

On September 8, 2017, Mr. Marse and his wife, Hilary Marse, (the Marses) filed a petition for damages individually and on behalf of Annabella. They named as defendants Red Frog Events, LLC, its liability insurers, First Specialty Insurance Corporation and James River Insurance Company, Peterson Builders Framing Contractors, LLC (both its North Carolina and South Carolina iterations), its insurer, ABC Insurance Company, North South Renovations, Inc., its insurer, XYZ Insurance Company, Marcus M. Edwards, Daniel L. Lauber, Megan E.

---

[1] No opposition to the exception was filed by plaintiffs in the other consolidated cases, Vanessa West, Bryan Sampson, and Oluwafeyisayo Akinkugbe.

[2] The Marses first filed an application for supervisory writs with this court. This court remanded the matter to the trial court with instructions to grant an appeal pursuant to the notice of intent to seek supervisory writs. **Marse v. Red Frog Events, LLC, et al.**, 2019 CW 0554 (La. App. 1 Cir. 8/5/19).

3

Gaseor, Mary A. Kreke, and Emily A. Littlejohn, employees or agents of Red Frog, and the Department.

On October 17, 2018, the Department filed an exception of no cause of action, asserting statutory immunity pursuant to La. R.S. 9:2795. After a hearing, the trial court sustained the exception and dismissed all of plaintiffs' claims in the consolidated cases against the Department, with prejudice. The judgment was signed on March 8, 2019. The Marses have appealed that judgment. On appeal, the Marses assert that the trial court erred in granting the exception of no cause of action and in finding that the petition failed to state a valid cause of action against the Department, and that the trial court failed to apply the proper legal standard in hearing and deciding the exception, and made improper factual findings and determinations.

## LOUISIANA REVISED STATUTES 9:2795

Louisiana Revised Statutes 9:2795 provides:

A. As used in this Section:

(1) "Land" means urban or rural land, roads, water, watercourses, private ways or buildings, structures, and machinery or equipment when attached to the realty.

(2) "Owner" means the possessor of a fee interest, a tenant, lessee, occupant or person in control of the premises.

(3) "Recreational purposes" includes but is not limited to any of the following, or any combination thereof: hunting, fishing, trapping, swimming, boating, camping, picnicking, hiking, horseback riding, bicycle riding, motorized, or nonmotorized vehicle operation for recreation purposes, nature study, water skiing, ice skating, roller skating, roller blading, skate boarding, sledding, snowmobiling, snow skiing, summer and winter sports, or viewing or enjoying historical, archaeological, scenic, or scientific sites.

(4) "Charge" means the admission price or fee asked in return for permission to use lands.

(5) "Person" means individuals regardless of age.

4

**B. (1) Except for willful or malicious failure to warn against a dangerous condition, use, structure, or activity, an owner of land, except an owner of commercial recreational developments or facilities, who permits with or without charge any person to use his land for recreational purposes as herein defined does not thereby:**

**(a) Extend any assurance that the premises are safe for any purposes.**

**(b) Constitute such person the legal status of an invitee or licensee to whom a duty of care is owed.**

**(c) Incur liability for any injury to person or property caused by any defect in the land regardless of whether naturally occurring or man-made.**

(2) The provisions of this Subsection shall apply to owners of commercial recreational developments or facilities for injury to persons or property arising out of the commercial recreational activity permitted at the recreational development or facility that occurs on land which does not comprise the commercial recreational development or facility and over which the owner has no control when the recreational activity commences, occurs, or terminates on the commercial recreational development or facility.

C. Unless otherwise agreed in writing, the provisions of Subsection B shall be deemed applicable to the duties and liability of an owner of land leased for recreational purposes to the federal government or any state or political subdivision thereof or private persons.

D. Nothing in this Section shall be construed to relieve any person using the land of another for recreational purposes from any obligation which he may have in the absence of this Section to exercise care in his use of such land and in his activities thereon, or from the legal consequences of failure to employ such care.

E. (1) The limitation of liability provided in this Section shall apply to any lands or water bottoms owned, leased, or managed by the Department of Wildlife and Fisheries, regardless of the purposes for which the land or water bottoms are used, and whether they are used for recreational or nonrecreational purposes.

**(2)(a) The limitation of liability provided in this Section shall apply to any lands, whether urban or rural, which are owned, leased, or managed as a public park by the state or any of its political subdivisions and which are used for recreational purposes.**

(b) The provision of supervision on any land managed as a public park by the state or any of its political subdivisions does not create any greater duty of care which may exist and does not create a duty of care

5

or basis of liability for personal injury or for damage to personal property caused by the act or omission of any person responsible for security or supervision of park activities, except as provided in Subparagraph (E)(2)(d) of this Section.

(c) For purposes of the limitation of liability afforded to parks pursuant to this Section this limitation does not apply to playground equipment or stands which are defective.

(d) The limitation of liability as extended to parks in this Section shall not apply to intentional or grossly negligent acts by an employee of the public entity.

F. The limitation of liability extended by this Section to the owner, lessee, or occupant of premises shall not be affected by the granting of a lease, right of use, or right of occupancy for any recreational purpose which may limit the use of the premises to persons other than the entire public or by the posting of the premises so as to limit the use of the premises to persons other than the entire public.
(Emphasis added.)

## ASSIGNMENT OF ERROR NO. 1

In assignment of error number one, the Marses maintain that the trial court erred in finding that the petition failed to state a valid cause of action against the Department based upon the statutory immunity provided by La. R.S. 9:2795.

The function of an exception of no cause of action is to test the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the pleading. **Everything on Wheels Subaru, Inc. v. Subaru South, Inc.**, 616 So.2d 1234, 1235 (La. 1993). No evidence may be introduced to support or controvert the objection that the petition fails to state a cause of action. La. C.C.P. art. 931.

Therefore, the court reviews the petition and accepts well pleaded allegations of fact as true, and the issue at the trial of the exception is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought. **Everything on Wheels Subaru, Inc.**, 616 So.2d at 1235. Peremptory exceptions

6

raising the objection of no cause of action present legal questions, which are reviewed using the *de novo* standard of review. **Reyer v. Milton Homes, LLC**, 2018-0580 (La. App. 1 Cir. 2/25/19), 272 So.3d 604, 607.

The Marses' petition maintains that:

## XXVI.

[The Marses] aver that [the Department], as the property owner, was under a legal duty to license and inspect all constructions, including the DOME, and to ensure that all applicable building codes and safety laws were strictly adhered to for the safety of participants. [The Department] was under a further legal duty to ensure that the EVENT was safe and the obstacles were safe, functional, and constructed in a manner so as not to cause injury to any participants. This legal duty was designed to protect [the Marses], and those similarly situated, from this type of harm, arising in this manner. The breach of this duty by the defendant, [the Department], is a legal cause and cause in fact of the injuries and damages sustained by [the Marses].

## XXVII.

[The Marses] further represent that the defendant, [the Department], breached its legal duty, which such breach was a legal cause and cause in fact of the injuries sustained by [the Marses], and further, was the sole and proximate cause of [the Marses'] injuries without any comparable negligence on the part of [the Marses]. The defendant committed the following non-exclusive acts of negligence, to wit:

    (a) Failing to ensure that the property or construction did not present an unreasonable risk of harm;

    (b) Failing to ensure that the obstacles did not present an unreasonable risk of harm;

    (c) Failing to ensure that only the proper number of participants were allowed on the course and/or on the obstacles at a given time;

    (d) Failing to properly monitor and supervise the EVENT;

    (e) Failing to provide sufficient security and/or first responders for the EVENT or to ensure that RED FROG did so;

    (f) Failing to provide sufficient and adequate medical personnel for the event or to ensure that RED FROG did so;

7

(g) Failing to provide sufficient and adequate medical equipment for the event, or to ensure that RED FROG did so;

(h) Allowing its property to be used in an unsafe and/or unlawful manner;

(i) Failing to exercise reasonable care and vigilance;

(j) Failing to properly supervise the EVENT;

(k) Failing to have sufficient policies, protocols, and practices in effect to provide for the safety of the EVENT participants or to ensure that RED FROG did so;

(l) Failing to obey the laws, statutes, and/or ordinances of the Parish of West Feliciana, and/or the State of Louisiana or to ensure that RED FROG did so;

(m) [F]ailing to license and/or inspect all constructions, including the DOME, and to ensure that all applicable building codes and safety laws were strictly adhered to for the safety of participants.

(n) Any and all other acts of negligence which are inherent in these pleadings, or which may appear through discovery in this case, or which may be proven at trial in derogation of the laws, statutes, of the State of Louisiana and the United States.

Louisiana Revised Statutes 9:2795 exempts public bodies, such as the Department, from liability for injury to person or property caused by any defect in the land, regardless of whether naturally occurring or man-made, when the public body permits it to be used for recreational purposes. La. R.S. 9:2795(B)(1)(c). The statute provides that the public body does not assure that a recreational facility is safe for any purpose. La. R.S. 9:2795(B)(1)(a). The limitation of liability is not affected by the granting of a lease, right of use, or right of occupancy for any recreational purpose which may limit the use of the premises to persons other than the entire public. La. R.S. 9:2795(F).

The statement of purpose of La. R.S. 9:2795 is contained in 1975 La. Acts, No. 615, § 1 and provides: "The purpose of this Act is to encourage owners of land

8

to make land and water areas available to the public for recreational purposes by limiting their liability toward persons entering thereon for such purposes." **Fournerat v. Farm Bureau Ins. Co.**, 2011-1344 (La. App. 1 Cir. 9/21/12), 104 So.3d 76, 81, <u>writ denied</u>, 2012-2148 (La. 11/21/12) 102 So.3d 59.

The Marses maintain that the Department's reliance upon La. R.S. 9:2795 is misplaced because the statute provides immunity to landowners who permit their land to be used for recreational purposes. The Marses maintain that the area of land upon which the Warrior Dash took place was largely an undeveloped area of land consisting of open grass field and trees as opposed to an urban area or recreational park. They maintain that the Diesel Dome was a man-made large structure measuring approximately 30 feet long by 20 feet high, which was one of several obstacles included in the extreme, for-profit obstacles race course, which is not the type of instrumentality envisioned under the recreational use statute.

We find that the extreme obstacle course known as the Warrior Dash, with obstacles such as the Diesel Dome, was clearly a recreational activity, and that the undeveloped land it was held on belonging to the Department comes under the broad definition of "any lands, whether urban or rural, which are owned, leased, or managed as a public park by the state or any of its political subdivisions and which are used for recreational purposes" provided by La. R.S. 9:2795(E)(2)(a).

Further, while the Marses maintain that the Department, as the property owner and governing authority, had a duty to license and inspect the Diesel Dome and ensure that building codes and safety laws were strictly adhered to, we find this argument meritless. Such an interpretation would abrogate the specific intention of the recreational use statute, which states that except for willful or malicious failure to warn against a dangerous condition, use, structure, or activity, an owner of land, who permits with or without charge any person to use his land

9

for recreational purposes does not thereby extend any assurance that the premises are safe for any purposes, and does not incur liability for any injury to person or property caused by any defect in the land regardless of whether naturally occurring or man-made. La. R.S. 9:2795(B)(1)(a) and (c).[3]

Alternatively, the Marses assert that the Department had specific obligations and duties as the land owner for damages caused by a defective condition on its property, citing general laws applicable to owners of immovable property, namely, La. C.C. art. 2317.1 and La. R.S. 9:3221.

Louisiana Civil Code article 2317.1 provides that the owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. Louisiana Revised Statutes 9:3221 provides that the owner of premises leased under a contract whereby the lessee assumes responsibility for their condition is not liable for injury caused by any defect therein to the lessee or anyone on the premises who derives his right to be thereon from the lessee, unless the owner knew or should have known of the defect or had received notice thereof and failed to remedy it within a reasonable time. In determining the applicability of laws, the more specific governs over the more general. **Liberty Mut. Ins. Co. v. Louisiana Ins. Rating Com'n**, 96-0793 (La. App. 1 Cir. 2/14/97), 696 So.2d 1021, 1027, <u>writs denied</u>, 97-2062 (12/19/97), 706 So.2d 452 and 97-2069 (La. 12/19/97), 706 So.2d 451. In this case, the more specific law is La. R.S. 9:2795,

---

[3] The Marses' petition does not allege that the Department willfully or maliciously failed to warn of the alleged defect in the Diesel Dome, or even that West Feliciana had knowledge of the alleged defect.

which limits the liability of political subdivisions which own or lease public parks. Thus, it prevails. This assignment of error has no merit.

## ASSIGNMENT OF ERROR NO. 2

In this assignment of error, the Marses maintain that the trial court failed to apply the proper legal standard and engaged in improper factual findings. Specifically, the Marses maintain that the trial court conducted an improper factual finding by asking counsel whether a building permit was required for the Diesel Dome.

The judgment shows that the trial court sustained the exception and dismissed the claims against the Department "[a]fter considering the pleadings, memoranda, law, and arguments of counsel." Our thorough review of the record shows no improper factual finding and no failure to apply the proper legal standard. This assignment of error has no merit.

## DECREE

For the foregoing reasons, after *de novo* review, the March 8, 2019 trial court judgment, sustaining an exception of no cause of action, and dismissing all the claims in this consolidated case, including those of George Peter Marse, III and Hilary Marse, individually and on behalf of their minor daughter, Annabella Marse, against the West Feliciana Department of Parks and Recreation, is affirmed.[4] Costs of this appeal are assessed against the Marses.

**AFFIRMED.**

---

[4] Although amendment of the petition is allowed when the grounds for an objection of no cause of action can be removed by amendment, as they cannot be removed here, dismissal is the proper remedy. See La. C.C.P. art. 934.

11